UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| PELHAM P. WILKERSON, d/b/a Designs by Pelham, | |
| Plaintiff, | |
| v. | 1:14-CV-0469 (GTS/CFH) |
| TROY WAFFNER, Assistant Director of New York State Fair; BARBARA GODFREY, Assistant Office Services Manager of New York State Fair; and NEW YORK STATE DEPARTMENT OF AGRICULTURE & MARKETS, | |
| Defendants. | |

_____

| | |
|---|---|
| APPEARANCES: | OF COUNSEL: |
| PELHAM P. WILKERSON<br>  Plaintiff, *Pro Se*<br>28 Union Avenue, Apt. A-1<br>Schenectady, NY 12308 | |
| HON. ERIC T. SCHNEIDERMAN<br>Attorney General for the State of New York<br>  Counsel for Defendants<br>The Capitol<br>Albany, NY 12224 | AARON M. BALDWIN, ESQ.<br>JUSTIN L. ENGEL, ESQ.<br>Assistants Attorney General |

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

Currently before the Court, in this *pro se* employment discrimination action filed by Pelham P. Wilkerson ("Plaintiff") against the above-captioned entity and individuals is ("Defendants"), is Defendants' motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 9.) For the reasons set forth below, Defendants' motion is granted in part and denied in part.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Claims

Generally, liberally construed, Plaintiff's Complaint alleges that, in March of 2013, after inviting him as a minority business owner to solicit a bid for a contract to provide photography services at the New York State Fair, Defendants wrongfully failed to award him that contract on the pretext that his photographs did not show action and were too blurry, and instead awarded the contract to a Caucasian photographer whose bid was higher than Plaintiff's bid. (Dkt. No. 1.) Based on these factual allegations, Plaintiff asserts two claims against Defendants: (1) a claim that Defendants discriminated against him based on his race in violation of Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000e *et seq.* ("Title VII"); and (2) a claim that Defendants discriminated against him based on his race in violation of New York Executive Law § 296 *et seq.* (also known as the "New York Human Rights Law" or "NYHRL"). (Dkt. No. 1.) Familiarity with the factual allegations supporting these claims in Plaintiff's Complaint is assumed in this Decision and Order, which is intended primarily for the review of the parties.

### B. Parties' Briefing on Defendants' Motion

Generally, in support of their motion to dismiss, Defendants argue that Plaintiff fails to state a claim for discrimination in his employment based on his race under either Title VII nor the NYHRL because (1) both Plaintiff's Complaint and the Request for Quote relied upon in, referred to within and integral to the Complaint (which is attached to Defendants' motion papers), demonstrate that he sought, but was not hired for, an *independent contractor* position, and (2) based on a balancing of the relevant factors set forth in *Cmty. for Creative Non-Violence*

*v. Reid*, 490 U.S. 730, 751-52 (1989), independent contractors are not covered under either Title VII or the NYHRL, which are limited to the traditional employment context. (*See generally* Dkt. No. 9, Attach. 1 [Defs.' Memo. of Law].)

Generally, in response to Defendants' motion, Plaintiff repeats the allegations contained in his Complaint and argues that the Complaint satisfies the "unless it appears beyond doubt" standard set forth in *Conley v. Gibson*, 355 U.S. 41 (1957). (*See generally* Dkt. No. 14 [Plf.'s Opp'n Papers].)

Generally, in reply to Plaintiff's response, Defendants argue that "Plaintiff's opposition does not address, much less rebut, the argument made in support of Defendants' motion to dismiss–i.e., that Plaintiff sought, but was not hired for, an independent contractor position which is not covered under Title VII or the NYSHRL." (*See generally* Dkt. No. 15 [Defs.' Reply Letter-Brief].)

## II. GOVERNING LEGAL STANDARD

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, a few words regarding that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to

3

relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp.2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212, n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp.2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp.2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

4

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer

5

possibility that a defendant has acted unlawfully," *id.*, it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S.Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

This pleading standard applies even to *pro se* litigants. While the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12.[1] Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.[2] Stated more simply, when a plaintiff is proceeding *pro se*, "all

---

[1] *See Vega v. Artus,* 610 F. Supp.2d 185, 196 & nn.8-9 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases).

[2] *See Rosendale v. Brusie*, 374 F. App'x 195, 196 (2d Cir. 2010) ("[A]lthough the courts remain obligated to construe a pro se complaint liberally, . . . the complaint must contain sufficient factual allegations to meet the plausibility standard."); *Vega,* 610 F. Supp.2d at 196, n.10 (citing Supreme Court and Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases).

normal rules of pleading are not absolutely suspended." *Jackson*, 549 F. Supp.2d at 214, n.28

[citations omitted].[3]

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[4]

---

[3] It should be emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which (when reviewing a *pro se* pleading) the Court stated, "*Specific* facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2). *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [emphasis added]. That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly*, 127 S. Ct. 1965, n.3 (citing *Conley*, 355 U.S. at 47) [emphasis added]. That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever. Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level. *See Rusyniak,* 629 F. Supp.2d at 214 & n.35 (explaining holding in *Erickson*).

[4] *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir.

Moreover, in the Second Circuit, a *pro se* plaintiff's papers in response to a defendant's motion to dismiss for failure to state a claim may be considered as effectively amending the allegations of his complaint–to the extent those papers are consistent with the allegations in the complaint.[5]

## III.   ANALYSIS

After carefully considering the matter, the Court agrees with Defendants that Plaintiff's Title VII and NYHRL claims fail to state a claim upon which relief can be granted for the

---

2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . . Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

[5]   *See Drake v. Delta Air Lines, Inc.,* 147 F.3d 169, 170 n. 1 (2d Cir. 1998) (per curiam) ("[W]e deem Drake's complaint to include the facts contained in his memorandum of law filed in response to Delta's 1996 motion to dismiss."); *Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) ("In his affidavit submitted in opposition to defendants' motion to dismiss, Gill asserts that Mooney's actions amounted to deliberate and willful indifference. Liberally construed under *pro se* pleading standards, Gill's allegations against Mooney involve more than ordinary lack of due care for the prisoner's interests or safety, . . . and therefore state a colorable claim under the Eighth and Fourteenth Amendments.") (internal quotation marks and citation omitted); *Donhauser v.Goord*, 314 F. Supp. 2d 119, 212 (N.D.N.Y.) (Sharpe, M.J.) ("[I]n cases where *a pro se* plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider materials outside of the complaint to the extent they "are consistent with the allegations in the complaint.") (collecting district court cases), *vacated on other grounds*, 317 F. Supp. 2d 160 (N.D.N.Y. 2004) (Hurd, J.).

reasons stated in their memoranda of law. *See, supra,* Part I.B. of this Decision and Order. To those reasons the Court would add four points.

First, Plaintiff is respectfully advised that the "unless it appears beyond doubt" standard set forth in *Conley v. Gibson*, 355 U.S. 41 (1957), which he relies on his opposition papers, was "retire[d]" by the U.S. Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1968-69 (2007), and replaced with a "plausibility" standard. *See, supra,* Part II of this Decision and Order (setting forth standard on motion to dismiss for failure to state a claim).

Second, while the Court might ordinarily refuse to consider the Request for Quote attached to Defendants' motion papers if Plaintiff challenged the authenticity or accuracy of that attachment, Plaintiff has not done so here. (*See generally* Dkt. No. 14 [Plf.'s Opp'n Papers].) As a result, the Court may, and does, consider that attachment in construing Plaintiff's claims and allegations. *See, supra,* Part II of this Decision and Order (setting forth standard on motion to dismiss for failure to state a claim).

Third, Plaintiff has failed to oppose Defendants' independent-contractor argument, despite having received a courtesy copy of the District's Local Rules of Practice and *Pro Se* Handbook, having received a 35-day extension of the deadline for his opposition papers, and having submitted those opposition papers. (Dkt. No. 4; Dkt. No. 9; Text Order filed June 30, 2014; Dkt. No. 14.) As a result, Plaintiff has lightened Defendants' burden with regard to their independent-contractor argument so that, in order to succeed on that argument, they need only show that the argument possesses facial merit, which has appropriately been characterized as a

"modest" burden.[6] They have met that modest burden.[7]

Fourth, ordinarily, the Court might grant Plaintiff leave to amend his Title VII and NYHRL claims before dismissing them. However, here, the Court finds that the defects in those two claims are substantive rather than merely formal, such that any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend."); *Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.").

Having said all of that, the Court is reminded of the Second Circuit's admonition in *Phillips v. Girdich* that, in construing a *pro se* plaintiff's complaint, "the [C]ourt's imagination should be limited only by [the plaintiff]' s factual allegations, not by the legal claims set out in his pleadings." 408 F.3d 124, 130 (2d Cir. 2005). Here, based on the factual allegations

---

[6] *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determined that the moving party has met to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL2473509, at *2 & nn.2, 3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases).

[7] In addition to the *Reid*-factor analysis provided by Defendants, the Court relies on the fact that the fifth *Reid* factor (i.e., the duration of the relationship between the parties) also appears to weigh in Defendants' favor, because the duration of the services to be rendered was relatively short, consisting of only three two-month periods. (Dkt. No. 9, Attach. 2, at 2 [Request for Quote, indicating that the dates of "photography services to be performed" for the quote would be August 1 to October 1 "during the 2013, 2014 & 2015 New York State Fair[s]"].)

contained in Plaintiff's Complaint, the Court can imagine an equal protection claim under the Fourteenth Amendment and 42 U.S.C. § 1983. *See, e.g., OneSource Commercial Prop. Servs., Inc. v. City and Cnty. of Denver*, 535 F. App'x 740 (10th Cir. Oct. 16, 2013) (recognizing actionability, although lack of supporting evidence, for independent contractors' claims of gender and race discrimination against city officials under 42 U.S.C. §§ 1981 and 1983 and the Equal Protection Clause of the Fourteenth Amendment); *Harris v. Hays*, 452 F.3d 714 (8th Cir. 2006) (recognizing actionability, although lack of supporting evidence, for independent contractor's claim of race discrimination against city officials under 42 U.S.C. §§ 1981 and 1983 and the Equal Protection Clause of the Fourteenth Amendment); *Int'l Soc'y for Krishna Consciousness, Inc. v. Barber*, 506 F. Supp. 147, 163-64 (N.D.N.Y. 1980) (Munson, J.) (recognizing that New York State Fair operators' requirement that solicitation of money for religious purposes be restricted to a booth was "state action" for purposes of 42 U.S.C. § 1983), *rev'd on other grounds*, 650 F.2d 430 (2d Cir. 1981).[8] However, the Court has some doubt as to whether it is Plaintiff's desire to assert such an equal protection claim, given the conspicuous absence from his Complaint of any reference to 42 U.S.C. § 1983, the Fourteenth Amendment or intentional discrimination (and arguably any facts plausibly suggesting such intentional discrimination).

As a result, the Court conditions its dismissal of Plaintiff's Complaint on his failure to file an Amended Complaint asserting an equal protection claim under 42 U.S.C. § 1983 and the Fourteenth Amendment within thirty (30) days of the date of this Decision and Order. If

---

[8] Of course, the Court expresses no opinion as to whether any such an equal protection claim would survive a second motion to dismiss or a motion for summary judgment.

Plaintiff submits an Amended Complaint, he is encouraged to describe the facts supporting any equal protection claim. Moreover, Plaintiff is advised that his Amended Complaint must be a complete pleading that will replace and supersede his original Complaint in its entirety (and may not incorporate by reference any portion of his original Complaint). N.D.N.Y. L.R. 7.1(a)(4). Plaintiff is also advised that his Amended Complaint may not attempt to reassert his Title VII and NYHRL claims, which the Court has determined to be not actionable. Finally, Plaintiff is cautioned that, <u>if he fails to file an Amended Complaint asserting an equal protection claim within thirty (30) days of the date of this Decision and Order, his Complaint will be dismissed with prejudice without further Order of the Court</u>.

**ACCORDINGLY,** it is

**ORDERED** that Defendants' motion to dismiss for failure to state a claim (Dkt. No. 9) is **GRANTED in part** (i.e., to the extent that it requests the dismissal of Plaintiff's Title VII and NYHRL claims) and **DENIED in part** (to the extent it implicitly requests the immediate dismissal of Plaintiff's entire Complaint); and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) shall be **DISMISSED** without further Order of this Court **UNLESS**, within **THIRTY (30) DAYS** of the date of this Decision and Order, he files an **AMENDED COMPLAINT** asserting an equal protection claim under 42 U.S.C. § 1983 and the Fourteenth Amendment.

Dated: March 30, 2015
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge